# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AIDA ROMAN,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL JORGE, FREEMAN EXPOSITION, LLC., and RYDER TRUCK RENTAL INC.,<br><br>Defendants. | Index No.: 157513/2024<br><br>**DEFENDANTS' VERIFIED ANSWER** |

Defendants, MICHAEL JORGE and FREEMAN EXPOSITIONS, LLC incorrectly sued herein as Freeman Exposition, LLC. (collectively "Defendants") by their attorneys, Porzio, Bromberg & Newman, P.C., answer the Verified Complaint as follows:

**AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Verified Complaint.

2. Admit the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Deny that FREEMAN EXPOSITIONS, LLC owned the motor vehicle referenced herein, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Verified Complaint.

4. Deny the allegations set forth in Paragraph 4 of the Verified Complaint.

5. The allegations set forth in paragraph 5 of the Verified Complaint are incapable of being answered as the term "controlled" with no further particulars is incomprehensible, vague and ambiguous. To the extent an answer is required, the allegations are denied.

7874736

6. Admit that at some point on June 29, 2024, defendant MICHAEL JORGE operated a 2019 Freightliner with the referenced license plate number, and deny the remaining allegations in allegations set forth in Paragraph 6 of the Verified Complaint.

7. Deny the allegations set forth in Paragraph 7 of the Verified Complaint.

8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Verified Complaint.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 9 of the Verified Complaint.

10. Admit that at some point on June 29, 2024, defendant MICHAEL JORGE operated a 2019 Freightliner with the referenced license plate number, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Verified Complaint.

11. Paragraph 11 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

12. Deny the allegations set forth in paragraph 12 of the Verified Complaint.

13. Deny the allegations set forth in paragraph 13 of the Verified Complaint.

14. Deny the allegations set forth in paragraph 14 of the Verified Complaint.

15. Admit that during portions of the day on June 29, 2024, the referenced freightliner truck was being operated within the course of business for FREEMAN EXPOSITIONS, LLC.

16. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Verified Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Verified Complaint.

18. Deny the allegations set forth in paragraph 18 of the Verified Complaint.

19. Deny the allegations set forth in paragraph 19 of the Verified Complaint.

20. Deny the allegations set forth in paragraph 20 of the Verified Complaint.

21. Paragraph 21 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

22. Paragraph 22 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

23. Deny the allegations set forth in paragraph 23 of the Verified Complaint.

24. Paragraph 24 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

25. Any injuries and/or damages sustained by plaintiff as alleged in the Verified Complaint herein were caused in whole or in part by the negligence and/or culpable conduct of the plaintiff in his operation of the vehicle. Accordingly, the amount of damages recoverable by plaintiff, if any, should be diminished by plaintiff's proportionate share of culpability pursuant to CPLR Article 14-A.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

26. The court lacks personal jurisdiction over these answering defendants in that process and service of process were defective, insufficient, inadequate, ineffective and improper.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

27. Any injuries and/or damages sustained by the plaintiff as alleged in the Verified Complaint herein were caused in whole or in part by conditions, circumstances, forces and processes independent of and wholly unrelated to the accident that is the subject of this action.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

28. Plaintiff has failed to mitigate her damages.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

29. Plaintiff failed to use an available seat belt, thereby causing some or all of the injuries claimed in the Verified Complaint, which injuries would not have been sustained but for plaintiff's failure to utilize an available seat belt.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

30. The plaintiff's claims are barred because plaintiff has not sustained economic loss greater than basic economic loss, as defined in New York State Insurance Law § 5102(a), or a "serious injury" as defined in New York State Insurance Law § 5102(d).

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

31. Any recovery by the plaintiff herein must be reduced by collateral source payments pursuant to CPLR § 4545.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

32. In the event that plaintiff receives a verdict or judgment against these answering defendants, then said verdict or judgment must be reduced, and the defendants credited with the appropriate setoff pursuant to GOL §15-108, for any and all settlements reached with other persons or entities claimed to be jointly liable to plaintiff.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

33. In accordance with CPLR § 1601, *et seq*., the liability, if any, of these answering defendants to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability

for non-economic loss, including persons and/or entities over whom plaintiff could have obtained personal jurisdiction with due diligence.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

34. The court lacks personal jurisdiction over these answering defendants.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred by the statute of limitations.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

36. Plaintiff failed to yield the right of way, and thus, was the cause of the accident referenced in the Verified Complaint.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

37. The Verified Complaint must be dismissed for failure to join all necessary parties.

**FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

38. At no time has Defendant FREEMAN EXPOSITIONS, LLC ever owned, leased, operated, maintained, and/or repaired the vehicle at issue and is therefore not a proper party.

**WHEREFORE**, defendants MICHAEL JORGE and FREEMAN EXPOSITIONS, LLC demand judgment dismissing the Verified Complaint, together with the costs and disbursements of this action, including reasonable attorneys' fees.

Dated: New York, New York
November 15, 2024

PORZIO, BROMBERG & NEWMAN, P.C.

By s/Joshua H. Abramson
Joshua H. Abramson
1675 Broadway, Suite 1810
New York, New York 10019
Tel: 212-265-6888
*Attorneys for Defendants*
*Michael Jorge and*
*Freeman Expositions, LLC incorrectly sued herein as Freeman Exposition, LLC*

To: Raymond A. Raskin, Esq.
Aviles Law Firm, PLLC
145 Hudson Street, Suite 5C
New York, NY 10013
Tel: 212-898-8888
*Attorneys for Plaintiff*
*Aida Roman*

**VERIFICATION PURSUANT TO**
**CPLR § 3020(d)(3)**

JOSHUA H. ABRAMSON, ESQ., an attorney duly admitted to practice law in the State of New York, affirms the truth of the following

1. I am a Principal with Porzio, Bromberg & Newman, P.C., attorneys for the defendants, MICHAEL JORGE and FREEMAN EXPOSITIONS, LLC incorrectly sued herein as Freeman Exposition, LLC.

2. I have read the foregoing Verified Answer, know the contents thereof, and the same are true to my own knowledge, except those matters stated to be alleged on information and belief, and as to those matters I believe them to be true based on information obtained from my clients.

3. The reason that this verification is made by your affirmant and not by the defendants is that MICHAEL JORGE and FREEMAN EXPOSITIONS, LLC are not in the county in which my firm maintains its office.

Dated: New York, New York
November 15, 2024

s/Joshua H. Abramson
JOSHUA H. ABRAMSON



7874736

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AIDA ROMAN,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL JORGE, FREEMAN EXPOSITION, LLC., and RYDER TRUCK RENTAL INC.,<br><br>Defendants. | Index No.: 157513/2024<br><br>**DEFENDANT'S VERIFIED ANSWER** |

Defendant, RYDER TRUCK RENTAL INC. ("RYDER") by their attorneys, Porzio, Bromberg & Newman, P.C., answer the Verified Complaint as follows:

**AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Verified Complaint.

2. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Denies the allegations set forth in paragraph 3 of the Verified Complaint

4. Denies the allegations set forth in Paragraph 4 of the Verified Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Verified Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Verified Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Verified Complaint.

7892571

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Verified Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 9 of the Verified Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Verified Complaint.

11. Paragraph 11 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

12. Paragraph 12 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extend a response is required, the allegations are denied.

13. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Verified Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Verified Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Verified Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Verified Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Verified Complaint.

18. Denies the allegations set forth in paragraph 18 of the Verified Complaint.

19. Denies the allegations set forth in paragraph 19 of the Verified Complaint.

20. Denies the allegations set forth in paragraph 20 of the Verified Complaint.

21. Paragraph 21 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

22. Paragraph 22 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

23. Denies the allegations set forth in paragraph 23 of the Verified Complaint.

24. Paragraph 24 of the Verified Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

25. Any injuries and/or damages sustained by plaintiff as alleged in the Verified Complaint herein were caused in whole or in part by the negligence and/or culpable conduct of the plaintiff in his operation of the vehicle. Accordingly, the amount of damages recoverable by plaintiff, if any, should be diminished by plaintiff's proportionate share of culpability pursuant to CPLR Article 14-A.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

26. The court lacks personal jurisdiction over this answering defendant in that process and service of process were defective, insufficient, inadequate, ineffective and improper.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

27. Any injuries and/or damages sustained by the plaintiff as alleged in the Verified Complaint herein were caused in whole or in part by conditions, circumstances, forces and processes independent of and wholly unrelated to the accident that is the subject of this action.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

28. Plaintiff has failed to mitigate her damages.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

29. Plaintiff failed to use an available seat belt, thereby causing some or all of the injuries claimed in the Verified Complaint, which injuries would not have been sustained but for plaintiff's failure to utilize an available seat belt.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

30. The plaintiff's claims are barred because plaintiff has not sustained economic loss greater than basic economic loss, as defined in New York State Insurance Law § 5102(a), or a "serious injury" as defined in New York State Insurance Law § 5102(d).

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

31. Any recovery by the plaintiff herein must be reduced by collateral source payments pursuant to CPLR § 4545.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

32. In the event that plaintiff receives a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced, and the defendant credited with the appropriate setoff pursuant to GOL §15-108, for any and all settlements reached with other persons or entities claimed to be jointly liable to plaintiff.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

33. In accordance with CPLR § 1601, *et seq.*, the liability, if any, of this answering defendant to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including persons and/or entities over whom plaintiff could have obtained personal jurisdiction with due diligence.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

34. The court lacks personal jurisdiction over this answering defendant.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred by the statute of limitations.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

36. Plaintiff failed to yield the right of way, and thus, was the cause of the accident referenced in the Verified Complaint.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

37. The Verified Complaint must be dismissed for failure to join all necessary parties.

**FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

38. Defendant RYDER did not operate or control the vehicle at issue during the time period of the alleged accident.

**FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

39. Defendant RYDER exercised due care in entrusting the vehicle being driven at the time of the accident to Co-defendant.

**SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

40. The Graves Amendment, 49 U.S.C.A.§ 30106, provides a complete defense for defendant RYDER and serves as a legal bar to plaintiff's claims.

**WHEREFORE**, defendant RYDER demands judgment dismissing the Verified Complaint, together with the costs and disbursements of this action, including reasonable attorneys' fees.

Dated: New York, New York
November 15, 2024

PORZIO, BROMBERG & NEWMAN, P.C.

By s/Joshua H. Abramson
Joshua H. Abramson
1675 Broadway, Suite 1810
New York, New York 10019
Tel: 212-265-6888
*Attorneys for Defendant*
*Ryder Truck Rental Inc.*

To: Raymond A. Raskin, Esq.
Aviles Law Firm, PLLC
145 Hudson Street, Suite 5C
New York, NY 10013
Tel: 212-898-8888
*Attorneys for Plaintiff*
*Aida Roman*

**VERIFICATION PURSUANT TO
CPLR § 3020(d)(3)**

JOSHUA H. ABRAMSON, ESQ., an attorney duly admitted to practice law in the State of New York, affirms the truth of the following

1. I am a Principal with Porzio, Bromberg & Newman, P.C., attorneys for the defendant, RYDER TRUCK RENTAL INC.

2. I have read the foregoing Verified Answer, know the contents thereof, and the same are true to my own knowledge, except those matters stated to be alleged on information and belief, and as to those matters I believe them to be true based on information obtained from my clients.

3. The reason that this verification is made by your affirmant and not by the defendant is that RYDER TRUCK RENTAL INC. is not in the county in which my firm maintains its office.

Dated: New York, New York
November 15, 2024

s/Joshua H. Abramson
JOSHUA H. ABRAMSON